IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GINGER HOLT, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cv-00179 |
| | ) | |
| v. | ) | |
| | ) | Chief Judge Waverly D. Crenshaw, Jr. |
| VANDERBILT UNIVERSITY and | ) | Magistrate Judge Jeffery S. Frensley |
| VANDERBILT UNIVERSITY | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant, Vanderbilt University Medical Center ("VUMC"), hereby answers the Second Amended Complaint as follows:

Defendant admits that Plaintiff is an employee of VUMC. Defendant further admits that Plaintiff seeks to bring claims against Defendant for alleged violations of the THRA and Title IX. Defendant generally denies the remaining allegations set forth in the first unnumbered paragraph of the Second Amended Complaint.

**JURISDICTION AND VENUE**

1. In response to Paragraph 1 of the Second Amended Complaint, Defendant admits that Plaintiff has alleged claims under the referenced statutes and this Court has jurisdiction over the claims alleged in the Second Amended Complaint, but denies that it has engaged in any conduct that violates any of the statutes referenced in this Second Amended Complaint or any other employment laws.

2. Defendant admits the allegations of Paragraph 2 of the Second Amended Complaint.

## PARTIES

3. In response to Paragraph 3 of the Second Amended Complaint, Defendant admits that Plaintiff identifies as a homosexual woman and was, at all times hereto, employed by VUMC. Defendant denies the remaining allegations of Paragraph 3 of the Second Amended Complaint.

4. Defendant, on information and belief, admits the allegations of Paragraph 4 of the Second Amended Complaint.

5. Defendant admits that Plaintiff received an appointment letter in 2021 that speaks for itself. Defendant denies the remaining allegations of Paragraph 5 of the Second Amended Complaint as stated.

6. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 6 of the Second Amended Complaint.

7. Defendant admits that it offers tuition benefits to its employees for various institutions, including Vanderbilt University (VU). Defendant denies the remaining allegations set forth in Paragraph 7.

8. Defendant admits the allegations of Paragraph 8 of the Second Amended Complaint.

9. Upon information and belief, Defendant admits that Defendant VU maintains an online "Faculty Manual." The terms of that document speak for themselves and Defendant refers to that online document for its terms. To the extent the allegations contained in Paragraph

9 of the Second Amended Complaint attempt to summarize or characterize the terms of the online manual or any part thereof, Defendant denies such allegations as stated.

10. Defendant denies the allegations of Paragraph 10 of the Second Amended Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 as they are currently stated insofar as Plaintiff alleges that she has complied with all conditions precedent to asserting the claims set forth in the Second Amended Complaint, including, but not limited to, Plaintiff's allegation that she filed a charge of discrimination within 300 days of the alleged acts of discrimination set forth in the Second Amended Complaint.

## FACTUAL BACKGROUND

12. In response to the first sentence of Paragraph 12 of the Second Amended Complaint, Defendant states that Plaintiff is employed by Defendant and has been since 2016 when Vanderbilt University and Defendant became separate entities. Defendant admits the allegations of the second sentence of Paragraph 12 of the Second Amended Complaint as they relate to Defendant VUMC. Defendant denies the remaining allegations contained in Paragraph 12 of the Second Amended Complaint.

13. In response to Paragraph 13 of the Second Amended Complaint, Defendant states that it is without sufficient knowledge or information to determine what Plaintiff means by the term "very dedicated." Defendant admits the remaining allegations of Paragraph 12 of the Complaint as they relate to VUMC. Defendant denies the remaining allegations contained in Paragraph 13 of the Second Amended Complaint.

14. Defendant admits the allegations of Paragraph 14 of the Second Amended Complaint.

15. Defendant admits the allegations of Paragraph 15 of the Second Amended Complaint regarding Plaintiff achieving Full Professorship. Defendant further admits that Plaintiff has taken on two leadership positions. Defendant denies the remaining allegations contained in Paragraph 15 of the Second Amended Complaint as stated.

16. In response to Paragraph 16 of the Second Amended Complaint, Defendant denies that Plaintiff has been singularly responsible for raising the percentage of female residents at VUMC as this Paragraph implies. Defendant admits the remaining allegations of Paragraph 16 of the Second Amended Complaint.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 17 of the Second Amended Complaint. Defendant further denies that the allegations of Paragraph 17 are relevant to the claims asserted in the Second Amended Complaint.

18. In response to Paragraph 18 of the Second Amended Complaint, Defendant states that it is without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 18 to the extent it cannot determine what "well-documented" means. Defendant denies the remaining allegations of Paragraph 18 of the Second Amended Complaint as they are currently stated that attempt to characterize her performance as a "professor and leader."

19. Defendant admits the allegations of Paragraph 19 of the Second Amended Complaint.

20. In response to Paragraph 20 of the Second Amended Complaint, Defendant states that it does not require professors or other employees to disclose their sexual orientation and, as a result, does not have knowledge of every employee's sexual orientation and cannot admit

or deny Plaintiff's allegations regarding other employees' sexual orientation. Defendant admits that Plaintiff is one of three surgeons who have identified as female in the referenced department. Defendant further admits that Plaintiff was removed from her position of Program Director on or about March 3, 2022 and the Vice Chair role was eliminated, both for legitimate, non-discriminatory, non-retaliatory reasons. Defendant denies the remaining allegations of Paragraph 20 of the Second Amended Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Second Amended Complaint as they are currently stated, except that Defendant admits that Dr. Wright identifies as straight and male.

22. Defendant denies the allegations of Paragraph 22 of the Second Amended Complaint as stated, including Plaintiff's allegations regarding the statements made by Dr. Wright in the sixth sentence of Paragraph 22. Defendant admits that the new surgical faculty members who have accepted roles at VUMC since Dr. Wright became chair all identify as male, but also avers that one or more surgeons who identify as female declined offers to join VUMC during this same time frame.

23. Defendant denies the allegations of Paragraph 23 of the Second Amended Complaint, but admits that Plaintiff was removed from certain roles and that Plaintiff and her peers helped create a top, diverse program.

24. Defendant admits that the initial replacement for Program Director identifies as male. Defendant lacks knowledge or information sufficient to form a belief as to that individual's sexual orientation. Defendant denies the remaining allegations of Paragraph 24 of the Second Amended Complaint as they are currently stated.

5

25. Defendant denies the allegations of Paragraph 25 of the Second Amended Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Second Amended Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Second Amended Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Second Amended Complaint, but admits that Dr. Wright has declined to discuss the details of Plaintiff's employment with other employees or residents.

29. Defendant denies the allegations of Paragraph 29 of the Second Amended Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Second Amended Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Second Amended Complaint, but admits that Dr. Wright complimented Plaintiff and others on their recruiting efforts, including having a class that was more diverse than past residency classes.

32. Defendant denies the allegations of Paragraph 32 of the Second Amended Complaint, but admits that Dr. Wright shared feedback about Plaintiff's performance with her during May 2021.

33. In response to Paragraph 33 of the Second Amended Complaint, Defendant denies the allegations of Paragraph 33 of the Second Amended Complaint as stated. Defendant admits that Plaintiff met with a personal coach as do other VUMC employees, was connected

with Dr. Terhune and Rochelle Johnson, and met with Dr. Wright on a regular basis during the referenced time.

34. Defendant admits the allegations of the first sentence of Paragraph 34 of the Second Amended Complaint. Defendant denies the remaining allegations of Paragraph 34 of the Second Amended Complaint as stated.

35. Defendant denies the allegations of Paragraph 35 of the Second Amended Complaint and states that the July 29, 2021 Letter speaks for itself.

36. Defendant denies the allegations of Paragraph 36 of the Second Amended Complaint and states that the July 29, 2021 Letter speaks for itself.

37. Defendant denies the allegations of Paragraph 37 of the Second Amended Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Second Amended Complaint as stated. Defendant admits that Plaintiff discussed her concerns with Rochelle Johnson and subsequently communicated to Ms. Johnson that she had handled the issues herself.

39. Defendant admits that Dr. Meranze met with Plaintiff regarding her concerns about the July 29 letter and escalated the situation to Dr. Raiford. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 39 of the Second Amended Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Second Amended Complaint as stated. Defendant admits that Plaintiff discussed her concerns with Jaclyn Thompson and subsequently communicated to Ms. Thompson that she had handled the issues herself.

41. Defendant denies the allegations of Paragraph 41 of the Second Amended Complaint as stated. Defendant admits that Plaintiff met with Dr. Wright and Mary Duvanich during the referenced time period and avers that Ms. Duvanich's role was clearly defined.

42. Defendant denies the allegations of Paragraph 42 of the Second Amended Complaint as stated.

43. Defendant denies the allegations of Paragraph 43 of the Second Amended Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Second Amended Complaint.

45. In response to Paragraph 45 of the Second Amended Complaint, Defendant admits that Plaintiff served under three prior chairs prior to Dr. Wright and served in various roles, including those mentioned in Paragraph 45. Defendant denies the remaining allegations of Paragraph 45 of the Second Amended Complaint.

46. In response to Paragraph 46 of the Second Amended Complaint, Defendant admits that Plaintiff was removed from the Program Director and Vice Chair of Education roles and, on information and belief, Bryon Stephens and Greg Mencio identify as straight white males. Defendant denies the remaining allegations of Paragraph 46 of the Second Amended Complaint.

47. In response to Paragraph 47 of the Second Amended Complaint, Defendant admits that Plaintiff's counsel sent a letter to Defendant dated March 28, 2022 that speaks for itself. Defendant denies the remaining allegations of Paragraph 47 of the Second Amended Complaint as well as the accusations of discrimination and retaliation alleged in the letter.

48. In response to Paragraph 48 of the Second Amended Complaint, Defendant admits that Plaintiff was interviewed as part of an investigation on or about June 23, 2022. Defendant denies the remaining allegations of Paragraph 48 of the Second Amended Complaint.

49. In response to Paragraph 49 of the Second Amended Complaint, Defendant states it is without sufficient knowledge or information to admit or deny the extent of Plaintiff's knowledge regarding who was or was not interviewed during the investigation. Defendant denies the remaining allegations of Paragraph 49 of the Second Amended Complaint.

50. In response to Paragraph 50 of the Second Amended Complaint, Defendant admits that Plaintiff was notified of the results of the investigation on or about August 17, 2022 and that the investigation found no discrimination or retaliation. Defendant further admits that it did not provide a copy of the investigation report to Plaintiff, nor was it required to do so. Defendant denies the remaining allegations of Paragraph 50 of the Second Amended Complaint.

51. In response to Paragraph 51 of the Second Amended Complaint, Defendant admits that Plaintiff inquired about changing positions at VUMC. Defendant denies the remaining allegations of Paragraph 51 of the Second Amended Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Second Amended Complaint as to this Defendant.

53. Defendant denies the allegations of Paragraph 53 of the Second Amended Complaint as stated. Defendant admits that Plaintiff was informed in December 2022 that her salary would be adjusted in January 2023 by placing her on the same compensation system as her peers.

54. Defendant denies the allegations of Paragraph 54 of the Second Amended Complaint as stated.

55. Defendant admits the allegations of the first sentence of Paragraph 55 of the Second Amended Complaint. Defendant denies the remaining allegations of Paragraph 55 of the Second Amended Complaint and avers that Plaintiff was paid more than her colleagues during the referenced time period.

56. Defendant denies the allegations of Paragraph 56 of the Second Amended Complaint. Defendant further avers that Plaintiff is now paid under the same compensation plan as her colleagues, which includes a base salary and productivity component.

57. Defendant denies the allegations of Paragraph 57 of the Second Amended Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Second Amended Complaint.

59. In response to Paragraph 59 of the Second Amended Complaint, Defendant is without sufficient knowledge or information to admit or deny how Plaintiff felt at any point and time. Defendant admits that Dr. Wright met with Dr. Holt on or about December 5, 2022 to discuss he salary and performance. Defendant denies the remaining allegations of Paragraph 59 of the Second Amended Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Second Amended Complaint.

61. Defendant admits the allegations of Paragraph 61 of the Second Amended Complaint.

62. In Response to Paragraph 62 of the Second Amended Complaint, Defendant admits that Plaintiff received a letter dated December 10, 2022 that speaks for itself. Defendant

denies the remaining allegations of Paragraph 62 of the Second Amended Complaint, including the allegations that Defendants VU and VUMC are joint employers.

63. Defendant denies the allegations of Paragraph 63 of the Second Amended Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Second Amended Complaint as stated, but admits that Plaintiff's office moved to another location.

65. Defendant denies the allegations of Paragraph 65 of the Second Amended Complaint.

## COUNT I
### Sex Discrimination – THRA, VU, VUMC

66. In response to Paragraph 66 of the Second Amended Complaint, Defendant asserts, incorporates and relies upon its responses to the allegations in Paragraphs 1-65 of the Second Amended Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Second Amended Complaint.

68. Defendant admits that portion of Paragraph 68 of the Second Amended Complaint that asserts that it is a violation of the THRA for employers to discriminate against employees based on sex. Defendant denies the remaining allegations set forth in Paragraph 68 of the Second Amended Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Second Amended Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Second Amended Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Second Amended Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Second Amended Complaint.

## COUNT II
### Retaliation – THRA, VU, VUMC

73. In response to Paragraph 73 of the Second Amended Complaint, Defendant asserts, incorporates and relies upon its responses to the allegations in Paragraphs 1-72 of the Second Amended Complaint.

74. Paragraph 74 attempts to set forth statements of law to which no response is required. To the extent a response is required, Defendant denies that the public policy of Tennessee, as set forth in the Purpose section of the Tennessee Human Rights Act, expressly addresses an employee exercising rights "without fear of reprisal or penalty." Defendant further denies Paragraph 74 to the extent it implies Defendant engaged in discrimination or retaliation.

75. Defendant denies the allegations of Paragraph 75 of the Second Amended Complaint to the extent they imply that Defendant engaged in discrimination or retaliation. Defendant admits that Plaintiff complained of alleged sex discrimination at certain times during her employment and that the act of complaining about sex discrimination is protected by the Tennessee Human Rights Act.

76. Defendant denies the allegations of Paragraph 76 of the Second Amended Complaint.

77. Defendant denies the allegations of Paragraph 77 of the Second Amended Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Second Amended Complaint.

## COUNT III
### Sex Discrimination – Title IX, U.S.C. § 1681 - VU, VUMC

79. In response to Paragraph 79 of the Second Amended Complaint, Defendant asserts, incorporates and relies upon its responses to the allegations in Paragraphs 1-78 of the Second Amended Complaint.

80. Defendant admits the allegations of Paragraph 80 of the Second Amended Complaint.

81. Defendant admits the allegations of Paragraph 81 of the Second Amended Complaint.

82. Defendant admits the allegations of Paragraph 82 of the Second Amended Complaint.

83. Defendant denies the allegations of Paragraph 83 of the Second Amended Complaint.

84. Defendant admits the allegations of Paragraph 84 of the Second Amended Complaint.

85. Defendant denies the allegations of Paragraph 85 of the Second Amended Complaint.

86. Defendant denies the allegations of Paragraph 86 of the Second Amended Complaint.

87. Defendant denies the allegations of Paragraph 87 of the Second Amended Complaint.

88. Defendant denies the allegations of Paragraph 88 of the Second Amended Complaint.

## COUNT IV
### Retaliation – Title IX, 20 U.S.C. § 1681 – VU, VUMC

89. In response to Paragraph 89 of the Second Amended Complaint, Defendant asserts, incorporates and relies upon its responses to the allegations in Paragraphs 1-88 of the Second Amended Complaint.

90. Defendant admits the allegations of Paragraph 90 of the Second Amended Complaint.

91. Defendant admits the allegations of Paragraph 91 of the Second Amended Complaint.

92. Defendant denies the allegations of Paragraph 92 of the Second Amended Complaint.

93. Defendant denies the allegations of Paragraph 93 of the Second Amended Complaint.

94. Defendant denies the allegations of Paragraph 94 of the Second Amended Complaint.

95. Defendant denies the allegations of Paragraph 95 of the Second Amended Complaint.

## COUNT V
### Title VII – Discrimination – VUMC

96[sic]. In response to Paragraph 96 [sic] of the Second Amended Complaint, Defendant asserts, incorporates and relies upon its responses to the allegations in Paragraphs 1-95 of the Second Amended Complaint.

97[sic].     Defendant denies the allegations of Paragraph 97 [sic] of the Second Amended Complaint.

98[sic].     The allegations contained in Paragraph 98 [sic] of the Second Amended Complaint state a proposition of law to which no response is required.  To the extent a response is required, Defendant states that the referenced law speaks for itself and denies that it violated Title VII in any way.

99[sic].     Defendant denies the allegations of Paragraph 99 [sic] of the Second Amended Complaint.

100[sic].    Defendant denies the allegations of Paragraph 100 [sic] of the Second Amended Complaint.

101[sic].    Defendant denies the allegations of Paragraph 101 [sic] of the Second Amended Complaint.

102[sic].    Defendant denies the allegations of Paragraph 102 [sic] of the Second Amended Complaint.

## COUNT VI
### Title VII – Retaliation – VUMC

103[sic].    In response to Paragraph 103 [sic] of the Second Amended Complaint, Defendant asserts, incorporates and relies upon its responses to the allegations in Paragraphs 1-102 of the Second Amended Complaint.

104[sic].    With regard to the first sentence of Paragraph 104 [sic], Defendant admits that Plaintiff complained of alleged sex discrimination at certain times during her employment. The second sentence of this Paragraph seeks to state a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in the second sentence of this Paragraph as they are currently stated.

105[sic]. Defendant denies the allegations of Paragraph 105 [sic] of the Second Amended Complaint.

106[sic]. Defendant denies the allegations of Paragraph 106 [sic] of the Second Amended Complaint.

107[sic]. Defendant denies the allegations of Paragraph 107 [sic] of the Second Amended Complaint.

108. Defendant denies that Plaintiff is entitled to any of the relief sought in the Second Amended Complaint, including Paragraphs 1-8 of the Prayer for Relief on page 20 of the Second Amended Complaint.

109. All allegations not specifically admitted are denied.

110. Defendant reserves the right to add, modify, change or revise this Answer as additional facts are learned in this matter.

## AFFIRMATIVE AND OTHER DEFENSES

1. With respect to some or all of Plaintiff's claims, Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff cannot establish a *prima facie* case of sex discrimination, sexual harassment or retaliation or any other theory of discrimination under Title IX, the THRA, Title VII, or any other statute, regulation or common law theory.

4. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission.

5. The conduct alleged as sexual harassment by Plaintiff does not meet the legal standard of harassment in terms of severity and pervasiveness or objective or subjective harassment.

6. To the extent Plaintiff complained adequately of allegedly unlawful harassing, discriminatory, or retaliatory actions, Defendant undertook a prompt investigation and made an appropriate response.

7. Defendant has in place a clear, effective, and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.

8. All employment decisions made by Defendant concerning Plaintiff were based upon legitimate, non-discriminatory reasons that were not pretextual or retaliatory.

9. At all times relevant hereto, Defendant complied with its duties under Title IX, Title VII, and any other statutes, to the extent they existed.

10. Even if the trier of fact were to determine that a discriminatory motive or reason played any part in the employment actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event absent a discriminatory motive or reason, for legitimate, non-discriminatory reasons.

11. Without conceding that Plaintiff suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff has failed to mitigate or minimize her alleged damages, or her damages are otherwise barred by the doctrine of mitigation.

12. Any damages with respect to which a claim is asserted against Defendant resulted from acts or events other than any alleged acts of the Defendant, including acts by Plaintiff.

13. To the extent any mitigation occurred, Defendant is entitled to a set off.

14. Any damages may be barred in whole or in part by the doctrine of after-acquired evidence.

15. Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver, laches, estoppel and/or unclean hands.

16. Any discriminatory acts alleged to have been committed by employees of Defendant were contrary to Defendant's good faith efforts to comply with any statutes and law.

17. Defendant is not liable for punitive damages because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's legally protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

18. To the extent Plaintiff is seeking an amount of punitive damages that can be deemed excessive and/or seeks punitive damages of an amount that is beyond a reasonable ratio to actual damages as set forth by applicable case law, such a claim violates due process.

19. Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.

20. Defendant reserves the right to assert additional defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant respectfully requests that after due hearing, judgment be entered in favor of Defendant, that Defendant be awarded its fees and costs in defending this matter, that all costs be taxed to the Plaintiff in this matter, and that the Court award all other further relief to which Defendant may be entitled.

Dated this 13th day of September 2023.

    Respectfully submitted,

    */s/ William S. Rutchow*
    William S. Rutchow, TN BPR #017183
    Benjamin P. Lemly, TN BPR #035225
    Erin A. Shackelford, TN BPR 034788
    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
    Truist Plaza
    401 Commerce Street, Suite 1200
    Nashville, TN 37219-2446
    Telephone: 615-254-1900
    Facsimile: 615-254-1908
    william.rutchow@ogletree.com
    benjamin.lemly@ogletree.com
    erin.shackelford@ogletree.com

    *Attorneys for Defendants Vanderbilt University and Vanderbilt University Medical Center*

## CERTIFICATE OF SERVICE

       I hereby certify that on September 13, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

       Heather Moore Collins
       Ashley Shoemaker Walter
       Caroline Drinnon
       HMC Civil Rights Law, PLLC
       7000 Executive Center Drive
       Building Two, Suite 320
       Brentwood, TN 37027
       heather@hmccivilrights.com
       ashley@hmccivilrights.com
       caroline@hmccivilrights.com

*Attorneys for Plaintiff Ginger Holt, M.D.*

       */s/ William S. Rutchow*
       William S. Rutchow